**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 05-20080-01-KHV |
| DARREN DAYLONE WILBURN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Wilburn's Motion To Withdraw His Plea With Supporting Memorandum (Doc. #99) filed February 15, 2006. On May 30, 2006, the Court held a hearing on defendant's motion. For reasons stated below, defendant's motion is overruled.

## Legal Standards

After the Court accepts a plea, but before it imposes sentence, a defendant may withdraw a plea of guilty if he shows a "fair and just reason for the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In analyzing whether defendant has shown a fair and just reason for withdrawal, the Court ordinarily considers the following factors:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

United States v. Sandoval, 390 F.3d 1294, 1298 (10th Cir. 2004) (citations omitted).

## Analysis

On December 20, 2005, defendant pled guilty to two counts charging conspiracy to distribute a controlled substance and conspiracy to engage in money laundering. On February 7, 2006, the Probation Office prepared a Presentence Investigation Report (PSIR) which proposed an offense level 43 and criminal history category III for a guideline sentence of life in prison. A week later, defendant filed his motion to withdraw his plea. Defendant claims that (1) the plea agreement is unfair and imposes too harsh a burden on him; (2) the drug quantity reflected in the PSIR constitutes an improper use against him of his proffer statement from August of 2005; (3) counsel should not have advised him to entered a plea waiving his appeal rights; and (4) counsel was not effective in obtaining the plea agreement. See Defendant Wilburn's Motion To Withdraw His Plea With Supporting Memorandum (Doc. #99) at 3-4. In a supplemental memorandum, defendant also claims that (1) the PSIR improperly includes an enhancement for obstruction of justice even though the plea agreement does not contemplate such an enhancement; (2) counsel did not advise him that he had the right to have all enhancements proved beyond a reasonable doubt; (3) counsel did not advise him of the required elements on the charges against him and the government's burden of proof to obtain a conviction on those charges; (4) the plea agreement contemplated that the amount of cocaine under the sentencing guidelines would be between 500 grams and 1.5 kilograms; and (5) the government breached the plea agreement because it did not object to the PSIR findings on the quantity of cocaine or the obstruction of justice enhancement. See Defendant's Supplemental Memorandum In Support Of His Motion To Withdraw Plea (Doc. #132) filed May 15, 2006 at 2, 5-7.

**I.     Defendant's Assertion Of Innocence**

A defendant's assertion of innocence is enough to find in favor of defendant on this factor.  See United States v. Carr, 80 F.3d 413, 420 (10th Cir. 1996).  The Court, however, notes that defendant did not assert his innocence until shortly after he received the initial draft of the PSIR which calculated a life sentence under the guidelines – two months after his guilty plea.  The timing of defendant's motion strongly suggests that defendant wants to withdraw his plea because he now knows that he has nothing to lose at trial (as his sentence would be life under the plea) and that he thinks that counsel should have negotiated a better plea agreement.

**II.    Prejudice To Government**

Some degree of prejudice is inevitable when the Court permits a defendant to withdraw his plea, but here the government is prejudiced in that (1) absent defendant's plea agreement, it would not have entered into a plea agreement with one of the co-defendants in this case and would have insisted on going to trial against that defendant as well; and (2) the trial of this case involves some 20 witnesses.  This factor favors the government.

**III.   Unreasonable Delay**

The period of delay here was approximately two months.  The delay is unreasonable, however, because defendant waited to file his motion until after he reviewed the PSIR which proposed a life sentence.

**IV.    Inconvenience To Court**

The fourth factor slightly favors the government because any withdrawal of a plea is inconvenient to the Court.  At the same time, the inconvenience is minimal.

### V.     Whether Close Assistance Of Counsel Was Available

Based on defendant's statements under oath at the plea hearing, this factor favors the government. No credible evidence suggests that defendant did not have close assistance of counsel before and during the change of plea hearing.[1]

### VI.    Voluntariness Of Plea

The sixth factor, whether the plea was knowing and voluntary, also favors the government. Defendant has presented no specific evidence that his attorney materially misinformed him of the legal

---

[1]     Defendant claims that (1) counsel should not have advised him to enter a plea waiving his appeal rights; (2) counsel did not advise him that he had the right to have all enhancements proven beyond a reasonable doubt; (3) counsel did not advise him of the required elements on the charges against him and the government's burden of proof to obtain a conviction on those charges; (4) the plea agreement is unfair and imposes too harsh a burden on him and (5) counsel was not effective in obtaining the plea agreement. As to the second claim, defendant asserts that he was "not aware that by entering into the plea agreement he was no longer entitled to have the factors supporting enhancements or departures proven beyond a reasonable doubt." Defendant's Supplemental Memorandum (Doc. #132) at 4-5. Defendant's assertion is refuted by the plea agreement which provides that defendant "waives any right to have facts that determine his offense level under the Guidelines alleged in the indictment and found by a jury beyond a reasonable doubt." Plea Agreement ¶ 3, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #74). At the change of plea hearing, defendant acknowledged that he understood the plea agreement and had a chance to discuss it with his lawyer before he signed it. In addition, the Court explained to defendant that it could consider all relevant conduct including uncharged crimes even if defendant claimed that he was not guilty of those crimes and even if he had not been formally prosecuted and convicted on those charges. Accordingly, even if the Court assumes that counsel did not fully explain this issue to defendant, counsel's alleged deficient performance was not prejudicial. As to the third claim, the *Court* fully advised defendant of the charges against him and the government's burden of proof if the case went to trial. At the change of plea hearing, defendant expressed no uncertainty about the charges against him or the government's burden. As to the first, fourth and fifth claims related to whether defendant received a good deal, defendant has not shown that the plea agreement was so one-sided that counsel's performance was deficient or prejudicial. Furthermore, defendant has submitted only a proffer of his testimony, and has refused to testify or subject himself to cross-examination on these points. He also did not call former counsel to testify. At the change of plea hearing, defendant stated that he was satisfied with counsel's representation and advice. The Court declines to vacate defendant's plea based on defendant's unsubstantiated claim that different counsel could have obtained a better deal.

- 4 -

consequences of the plea and that he pled guilty while under a mistaken belief as to the legal effect of his plea. See Fields v. Gibson, 277 F.3d 1203, 1213 (10th Cir.), cert. denied, 537 U.S. 1023 (2002); United States v. Cortez, 973 F.2d 764, 767-68 (9th Cir. 1992). Defendant claims that before he entered his plea, his counsel never advised him that by entering a plea, he would be subject to a potential life sentence and that his counsel never advised him that he had performed any calculations to determine defendant's potential sentence. Defendant's Proffer ¶ 6. At the change of plea hearing, however, defendant acknowledged that (1) he was familiar with the sentencing guidelines; (2) he had discussed the guidelines with counsel; (3) he understood that he had an offense level 38 with a criminal history category III with a sentence of 20 plus years; and (4) counsel advised him that his sentence could be as much as 30 years to life. Based on defendant's statements under oath, the Court must conclude that his plea was knowing and voluntary.[2]

## VII.  Waste Of Judicial Resources

The seventh factor slightly favors the government because any withdrawal of a plea wastes judicial resources. At the same time, the amount of waste is minimal.

---

[2] Defendant claims that (1) the drug quantity reflected in the PSIR constitutes an improper use against him of his proffer statement from August of 2005; (2) the plea agreement contemplated that the amount of cocaine under the sentencing guidelines would be between 500 grams and 1.5 kilograms; (3) the PSIR improperly includes an enhancement for obstruction of justice even though the plea agreement does not contemplate such an enhancement; and (4) the government breached the plea agreement because it did not object to the PSIR's findings on the quantity of cocaine or the obstruction of justice enhancement. The Court finds that the government has not materially breached the plea agreement by its failure to object to the PSIR. To the extent that the objections have potential merit, the Court can address them as part of the sentencing process. The objections do not go to the voluntariness of defendant's plea.

After considering the above factors, the Court finds that defendant has not shown a fair and just reason to withdraw his plea. Accordingly, defendant's motion is overruled.

**IT IS THEREFORE ORDERED** that Defendant Wilburn's Motion To Withdraw His Plea With Supporting Memorandum (Doc. #99) filed February 15, 2006 be and hereby is **OVERRULED**.

Dated this 5th day of June, 2006, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge