**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 05-20080-01-KHV |
| v. ) | |
| ) | |
| DARREN DAYLONE WILBURN, ) | CIVIL ACTION |
| ) | No. 11-2427-KHV |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #200) filed August 1, 2011. For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

Defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, conspiracy to maintain a place for the distribution of controlled substances and conspiracy to launder monetary instruments, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 1956(a)(1). The presentence investigation report noted that using a conservative estimate, defendant was involved in the distribution of 2.1 kilograms of cocaine base. <u>See</u> PSIR ¶ 74. Accordingly, defendant's base offense level was 38. <u>See</u> United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(1). The Court also assessed a two level enhancement under U.S.S.G. § 2S1.1(b)(2)(B) for offenses under 18 U.S.C. § 1956(a) and a two level enhancement for defendant's role in the offense under U.S.S.G. § 3B1.1(c). Defendant received a three-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 39. <u>See</u> U.S.S.G. § 3E1.1. Defendant's total offense level of 39, with a criminal history category III, resulted in a

sentencing range of 324 to 405 months in prison. On August 21, 2007, the Court sentenced defendant to the statutory minimum of 120 months in prison.

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

Defendant asks the Court to vacate his sentence under the Fair Sentencing Act of 2010 ("FSA"). See Pub. L. 11-220. In particular, he asks the Court to retroactively apply the FSA which he asserts lowers his mandatory minimum sentence and sentencing guideline range.

**I.     Mandatory Minimum Sentence**

Effective August 3, 2010, the FSA amended 21 U.S.C. § 841(b)(1)(A)(iii) to increase the amount of cocaine base needed to trigger the statutory mandatory minimum sentence of ten years from 28 grams to 280 grams. Defendant is not entitled to relief under this amendment, however, because Congress did not make the statutory change retroactive. United States v. Reed, 410 Fed. Appx. 107, 111 (10th Cir. 2010); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010); see United States v. Wright, 412 Fed. Appx. 54, 55 n.1 (10th Cir. 2011); United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010).[1] In addition, the statutory change does not apply to defendant

---

[1]     The "general savings statute," 1 U.S.C. § 109, requires federal courts to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application. Reed, 410 Fed. Appx. at 111 (citing Carradine, 621 F.3d at 580)); see also U.S. Sentencing Commission, News Release: June 30, 2011 at 1, available at http://www.ussc.gov/ (Commission noted that only Congress can make *statute* retroactive and that even if *guidelines* are given retroactive effect, many crack offenders will still be required to serve

(continued...)

because he was involved in the distribution of at least 2.1 kilograms of cocaine base, well above the amended quantity of 280 grams which is now necessary to trigger a mandatory sentence of ten years. See PSIR ¶ 74; 21 U.S.C. § 841(b)(1)(A)(iii).[2] The Court therefore overrules defendant's claim that his sentence should be reduced based on the amendment to the statutory minimum sentence for cocaine base offenses.

**II.    Sentencing Guideline Range**

Defendant argues that the Court should re-sentence him because the FSA lowered his sentencing guideline range.[3] Absent contrary congressional action, effective November 1, 2011, the Sentencing Guidelines will authorize a district court to retroactively apply the FSA amendments which lower the guideline range for crack cocaine offenses. See U.S. Sentencing Commission, News Release: June 30, 2011, available at http://www.ussc.gov/ (Commission voted unanimously to retroactively apply FSA amendment to Sentencing Guidelines). A district court may reduce a term of imprisonment where the Sentencing Commission has lowered the sentencing range pursuant to 28 U.S.C. § 994(o) and "a reduction is consistent with the applicable policy statements issued by

---

[1](...continued)
mandatory sentences). On June 23, 2011, Representative Robert Scott introduced a bill that would retroactively apply the statutory amendments of the FSA. See Fair Sentencing Clarification Act of 2 0 1 1 ,     H . R .     2 3 1 6 ,     1 1 2 t h     C o n g .     ( 2 0 1 1 ) , http://www.govtrack.us/congress/billtext.xpd?bill=h112-2316. The bill is currently referred to the House Judiciary committee.

[2]    In his memorandum, defendant states that he actually possessed only 67 grams of crack cocaine. Doc. #200 at 13. In the plea agreement, however, defendant conceded that under U.S.S.G. § 2D1.1, he was responsible for at least 500 grams of cocaine base. See Plea Agreement ¶ 4.

[3]    The Court notes that 18 U.S.C. § 3582(c)(2), not Section 2255, provides the statutory basis for a defendant to seek a reduced term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. In any event, for reasons stated below, defendant is not entitled to relief.

the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10(a)(2), one of the applicable policy statements, provides that a reduction is not authorized if the retroactive amendments do not apply to defendant or do not have the effect of lowering the applicable guideline range. Because the Court sentenced defendant based on a statutory minimum, 21 U.S.C. § 841(b)(1)(A)(iii), and not the guideline which was affected by the recent amendments, U.S.S.G. § 2D1.1, he is not entitled to relief. See, e.g., U.S.S.G. § 1B1.10, cmt. 1(A) (statutory mandatory minimum sentence may prevent relief under Section 3582(c)(2)); United States v. Gonzales, 297 Fed. Appx. 810, 812 (10th Cir. 2008) (retroactive downward modification of offense level irrelevant where defendant sentenced based on statutory minimum); United States v. Smartt, 129 F.3d 539, 542-43 (10th Cir. 1997) (defendant not entitled to reduction under 18 U.S.C. § 3582(c)(2) where court sentenced him to statutory mandatory minimum and amendment did not impact statutory minimum).[4]

### III. Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no response by the government or evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir.

---

[4] Except in limited circumstances, the Court simply lacks authority to sentence a defendant below the statutory minimum. Defendant does not allege that any exception applies here. See, e.g., 18 U.S.C. § 3553(e) (reduction below statutory minimum for substantial assistance motion brought under Section 3553(e)); 18 U.S.C. § 3553(f) (reduction permitted if (1) defendant has no more than one criminal history point, (2) violence or threat of violence not part of offense conduct, (3) offense did not result in death or serious bodily injury, (4) defendant was not organizer, leader, manager, or supervisor of others and not engaged in continuing criminal enterprise and (5) no later than time of sentencing hearing, defendant has truthfully provided all information and evidence defendant has concerning offense or offenses that were part of same course of conduct or of common scheme or plan).

Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

### IV. Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[5] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. The Court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #200) filed August 1, 2011 be and hereby is **OVERRULED**.

---

[5] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to the Court's ruling on defendant's Section 2255 motion.

Dated this 9th day of August, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge